```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

GLORIA D. DICKERSON,

                Plaintiff,

        v.

BPP PCV OWNERS LLC,

                Defendant.

21-CV-9003 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiff filed her complaint on November 2, 2021. Two months later, Defendant filed a motion to dismiss, and on January 21, 2022, Plaintiff filed her first request for an extension of time to oppose the motion. At that time, she stated that she was seeking representation and needed more time to do so. The Court granted that request, as well as another extension on February 16, 2022, and yet another a month later on March 28, 2022. In its most recent order, the Court directed Plaintiff to provide an update to the Court on her efforts to obtain counsel by April 25, 2022.

      Plaintiff's letter submitted on April 25, 2022 does not contain any updates regarding her efforts to obtain counsel, but rather, proffers additional evidence in support of her underlying claims of discrimination and states in a single sentence at the end that she is "confident that [she] will have legal representation very soon." Her March 24, 2022 letter also indicated she was close to securing representation. *See* March 24, 2022 Declaration ("I believe that I will secure Counsel in the near future."). Defendant opposes any further extension of Plaintiff's time to oppose its motion to dismiss.

      While the Court makes, and has made in this case, "reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training," litigants representing themselves are nonetheless "required to inform themselves regarding procedural rules and comply with them." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008). In light of her *pro se* status, however, the Court will grant Plaintiff one final 30-day extension to secure counsel. By May 27, 2022, Plaintiff shall file a letter with this Court stating whether she has or has not retained counsel. No

further extensions to secure counsel will be granted.  Whether or not she secures counsel, Plaintiff shall have until June 17, 2022 to file any opposition.

    Plaintiff is advised that she may contact the NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York, which is independent from the Court, to seek assistance with this case. Attached to this Order is a flyer containing information about the NYLAG clinic, as well as the Court's special rules and practices in civil pro se cases.

SO ORDERED.

Dated:     April 27, 2022
             New York, New York

                                                      Ronnie Abrams
                                                      United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

To make an appointment for a consultation, call (212) 659-6190 or come by either clinic during office hours. Please note that a government issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

**Thurgood Marshall United States Courthouse**
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

**The Hon. Charles L. Brieant Jr. Federal Building and Courthouse**
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
1 p.m. - 5 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



a beneficiary of UJA Federation of New York

January 4, 2016

**SPECIAL RULES & PRACTICES IN CIVIL *PRO SE* CASES**
**RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE**

**Pro Se Office**
United States District Court
Southern District of New York
500 Pearl Street, Room 200
New York, New York 10007
(212) 805-0175

1. **Communications**

    A. **By a *Pro Se* Party.**  All communications with the Court by a *pro se* party must be sent to the Pro Se Intake Unit located at 500 Pearl Street, Rm. 200, New York, NY 10007.  No documents or Court filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

    B. **By Parties Represented by Counsel.**  Communications with the Court by a represented party shall be governed by Judge Abrams' Individual Rules and Practices in Civil Cases, available at http://nysd.uscourts.gov/judge/Abrams.  Such communications must be accompanied by an Affidavit of Service affirming that the *pro se* party was served with a copy of the communication.

    C. **Requests for Adjournments or Extensions of Time.**  All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournments or extensions; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent.  If the requested adjournment or extension affects any other scheduled dates, a represented party must submit a proposed Revised Scheduling Order.  A *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order.  Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge.  Absent an emergency, any request for adjournment of a court conference shall be made at least 48 hours prior to the scheduled appearance.  Requests for extensions ordinarily will be denied if made after the expiration of the original deadline.

2. **Filing of Papers**

    A. **By a *Pro Se* Party.**  All papers to be filed with the Court by a *pro se* party, along with any courtesy copies of those papers, must be sent to the Pro Se Intake Office.  Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt and such docketing shall constitute service on any user of the ECF system.  If any other party is not a user of the ECF system, the *pro se* party must send copies of any filing to the party and include proof of service affirming that he or she has done so.

3

    B. **ECF Filing by *Pro Se* Parties**.  Any non-incarcerated *pro se* party who wishes to participate in electronic case filing ("ECF") must file a Motion for Permission for Electronic Case Filing, available in the Pro Se Intake Unit or at http://nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases.

    C. **Consent to Electronic Service for *Pro Se* Parties.**  Any non-incarcerated *pro se* party who wishes to receive documents in their case electronically (by e-mail) instead of by regular mail may consent to electronic service by filing a *Pro Se* (Non-Prisoner) Consent & Registration Form to Receive Documents Electronically, available in the Pro Se Intake Unit or at http://nysd.uscourts.gov/file/forms/consent-to-electronic-service-for-pro-se-cases.

    D. **By Parties Represented by Counsel.**  Except for cases in which a *pro se* party has received permission to participate in electronic case filing or has consented to electronic service, Counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and file with the Court separate proof of service.  Submissions filed without proof that the *pro se* party was served will not be considered.

3. **Discovery.**  All requests for discovery must be sent to counsel for the opposing party.  Discovery requests must not be sent to the Court.

4. **Motions**

    A. **Filing and Service.**  Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

    B. **Courtesy Copy.**  All motion papers should include one courtesy copy.  All courtesy copies shall be clearly marked as such.

    C. **Oral Argument.**  The Court will determine whether argument will be heard and, if so, will advise the parties of the argument date.

    D. ***Pro Se* Notices.**  Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

5. **Initial Case Management Conference.**  The Court will generally schedule an initial case management conference within four months of the filing of the Complaint.  An incarcerated party who may not be able to attend this or other conferences may be able to participate by telephone or video conference.

6. **Trial Documents**

    A. **Pretrial Statement.**  Unless otherwise ordered by the Court, within 30 days of the completion of discovery, a *pro se* party shall file a concise, written Pretrial Statement.  This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the *pro se* party hopes to prove at trial; (2) a list of all documents or other physical objects that the *pro se* party plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the *pro se* party intends to have testify at trial.  The Statement must