UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLORIA D. DICKERSON,<br><br>                             Plaintiff,<br><br>     -against-<br><br>BPP PCV OWNERS LLC,<br><br>                             Defendant. | 21-CV-9003-LTS |

MEMORANDUM ORDER

Plaintiff Gloria Dickerson ("Plaintiff" or "Dickerson") brings this pro se action against Defendant BPP PCV Owners LLC ("Defendant"), asserting claims for racial discrimination under the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. ("FHA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). (Docket entry no. 55 (the "Second Amended Complaint" or "SAC").) The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C sections 1331 and 1367.

The Defendant has moved to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. (Docket entry no. 58 (the "Motion").) The Court has considered the parties' submissions carefully and, for the following reasons, grants Defendant's motion to dismiss the Second Amended Complaint in its entirety. Because this is now the third dismissal of Plaintiff's housing discrimination claims, the Court dismisses Plaintiff's federal claims with prejudice.

BACKGROUND

The general factual allegations underlying this case are set forth in the Court's March 28, 2024 Memorandum Order (docket entry no. 51 (the "March Order")), familiarity with which is presumed for the purposes of this motion. The amended allegations relevant to the

instant motion practice are described below. The Court assumes all well-pleaded factual allegations in the Second Amended Complaint to be true for the purpose of this motion.

Plaintiff is a 76-year-old African American woman and a 30-year resident of 7 Peter Cooper Road (the "Building"), which is owned by the Defendant. (SAC at 8.) On November 2, 2020, a Public Safety Officer employed by the Defendant accused Plaintiff of stealing another resident's jewelry box from a discarded cabinet and threatened to call the police. (Id. at 6.) Plaintiff was then forced to meet with the NYPD in the lobby of her building, who questioned her about the missing property before leaving to speak with her neighbor who had lost the jewelry box. (Id. at 7.) Shortly thereafter, Plaintiff learned that the jewelry box had been recovered from another neighbor's assistant, who had taken it from the trash. (Id.)

Plaintiff alleges that the incident and the Defendant's Public Safety Officer's behavior caused her distress and embarrassment, and that the false accusation was a continuation of the Defendant's "original policy to discriminate against African Americans" with respect to building residency. (Id. at 10-11.)

In the March Order, the Court granted Defendant's motion to dismiss Plaintiff's federal housing discrimination claims, finding that her allegations insufficiently plead (1) that she experienced a "pattern" of "severe or pervasive harassment" sufficient to sustain a claim under the FHA, and (2) that her poor treatment was motivated by discriminatory intent. (March Order at 6-9.) Plaintiff was granted "one additional opportunity" to amend her Complaint by alleging additional facts relevant to those deficiencies in her claim. (Id. at 10.) In this Second Amended Complaint, Plaintiff does not provide additional information regarding either the Defendant's discriminatory intent or any pattern of mistreatment that she has suffered at the Building. (See generally SAC.) Instead, Plaintiff includes additional allegations regarding two

phone calls she received from the Defendant and counsel. She alleges, first, that she received a call from Rick Hayduck, the General Manager of the Building, on November 4, 2020, asking to speak with Plaintiff "certainly to apologize for . . . the event" (presumably, the false accusation on November 2, 2020). (Id. at 33.) Second, on March 8, 2022, Defendant's counsel called Plaintiff to communicate that the Defendant had obtained insurance covering her claim, and to ask if she had a particular amount of money she was seeking in damages. (Id. at 5.)

## DISCUSSION

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014) (citation omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court must "draw all reasonable inferences in [plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The Court is further obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in pro se cases, id. at

475 (citation omitted), has its limits – to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Federal FHA Claim

As discussed in the March Order, the Court construes the allegations in Plaintiff's Second Amended Complaint as asserting a hostile housing environment claim under the FHA. The FHA prohibits discrimination in the "terms, conditions, or privileges" of rental of a dwelling. 42 U.S.C. § 3604(b); see also 42 U.S.C.A. § 3617 (Westlaw through P.L. 118-41) ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by [§ 3604.]"). The Second Circuit has held that the FHA protects residents against post-acquisition conduct that "would constitute discrimination in the enjoyment of residence in a dwelling or in the provision of services associated with that dwelling." Francis v. Kings Parks Manor, Inc., 944 F.3d 370, 377 (2d Cir. 2019), vacated in part on other grounds, 992 F.3d 67 (2d Cir. 2021). To prevail on such a claim, a plaintiff must plead and prove "(1) that she was subjected to harassment sufficiently pervasive and severe so as to create a hostile housing environment, (2) that the harassment was because of the plaintiff's membership in a protected class; and (3) that a basis exists for imputing the allegedly harassing conduct to the landlord." Pierre v. Lantern Grp. Found., Inc., No. 14-CV-8449-JMF, 2016 WL 3461309, at *2 (S.D.N.Y. June 20, 2016) (internal citations omitted)).

Plaintiff has failed to supplement her Second Amended Complaint with any additional factual information regarding her experiences with the Defendant that could plausibly suggest that she suffered "sufficiently pervasive or severe" harassment, within the meaning of the statute, or that the harassment that she did experience was "motivated by discriminatory

intent." A.L.M. ex rel. Moore v. Bd. of Managers of Vireum Schoolhouse Condo., No. 19-2771-CV, 2021 WL 5121137, at *2 (2d Cir. Nov. 4, 2021) (summary order).  The only additional factual allegations alleged in her SAC include two phone calls that, even drawing all plausible inferences in Plaintiff's favor, fail to support an inference of a pattern of discriminatory treatment or racist intent.  (See SAC at 33 (phone call from the Defendant seeking to "apologize" for "the event").)  Plaintiff provides no additional details regarding either a "pattern" of mistreatment that she suffered while living in the Building or the Defendant's specific racial animus.  Therefore, for substantially the reasons expressed in the March Order, Plaintiff's Second Amended Complaint fails to state federal claims under the Fair Housing Act upon which relief may be granted and Defendant's motion to dismiss those claims is, accordingly, granted.

### Remaining State Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C.A. § 1367(c)(3) (Westlaw through P.L. 118-40).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any housing discrimination claims that Plaintiff may be asserting under either the NYSHRL or the NYCHRL.  See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997))).

<u>Leave to Amend Further is Denied</u>

"'Leave to amend, though liberally granted, may properly be denied' for 'repeated failure to cure deficiencies by amendments previously allowed' or 'futility of amendment,' among other reasons." <u>Bischoff v. Albertsons Co.</u>, No. 22-CV-4961-CS, 2023 WL 4187494, at *7 (S.D.N.Y. June 26, 2023) (quoting <u>Ruotolo v. City of N.Y.</u>, 514 F.3d 184, 191 (2d Cir. 2008)). Plaintiff has now been granted two full opportunities to amend her complaint after being put on notice of the deficiencies in her claim by the Court's orders. Leave to amend may be denied if the plaintiff "has already been given an opportunity to amend but has failed to cure the [complaint's] deficiencies." <u>Mays v. McIntosh</u>, No. 21-CV-6481-LTS, 2021 WL 6260373, *1 (S.D.N.Y. Dec. 29, 2021) (citing <u>Ruotolo</u>, 514 F.3d at 191). Given Plaintiff's repeated failure to address deficiencies of her legal claims, the Court declines to give Plaintiff another opportunity to amend her complaint.

CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss the Second Amended Complaint is granted in its entirety. Plaintiff's federal claims under the FHA are dismissed with prejudice, and the Court declines to exercise supplemental jurisdiction of any state or local law claims. This Memorandum Order resolves docket entry no. 58. The Clerk of Court is respectfully directed to enter judgment in favor of Defendant and close this case.

SO ORDERED.

Dated: New York, New York
November 6, 2024

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge